The following appeal arises from the decision of the Columbiana County Court of Common Pleas finding Vernon R. Clay, appellant, to be a sexually oriented offender. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On August 10, 1994, a secret indictment was returned against appellant charging him with three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). The indictment arose from allegations that appellant had contact of a sexual nature with a six-year-old girl in the summer and winter of 1992 and with another six-year-old girl in November 1993. Appellant eventually pled guilty to all three counts of gross sexual imposition on February 23, 1995. On June 1, 1995, the trial court sentenced appellant to two years on each count with counts one and two running consecutively and count three running concurrently.
In March of 1997, the Ohio Department of Rehabilitation and Correction screened appellant pursuant to House Bill 180 and recommended that appellant be adjudicated a sexual predator in conjunction with R.C. 2950.01, et seq. (hereinafter referred to as "the sexual predator statute"). The trial court consolidated appellant's case with numerous other defendants' cases who all were arguing that the application of the sexual predator statute to defendants who were convicted and sentenced prior to its effective date violated the Ohio Constitution's prohibition against retroactive legislation and the United States Constitution's prohibition against ex post factolaws. On June 26, 1997, the trial court disagreed with these arguments and set each case for an individual sexual predator determination hearing.
Prior to the sexual predator determination hearing, appellant filed a motion to dismiss citing various constitutional attacks on the sexual predator statute. During the sexual predator determination hearing on October 20, 1997, the trial court overruled said motion. Additionally, the trial court issued a judgment entry subsequent to the hearing finding that appellant was to be classified as a "sexually oriented offender" and was to register annually for a period of ten years with the Sheriff of the county in which he established residency upon release from confinement. A timely notice of appeal was filed on November 19, 1997 from the trial court's decision.
At the outset, we note that the state has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App.R. 18(C), this court is granted authority to accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action.
 II. ASSIGNMENT OF ERROR
Appellant raises a single assignment of error on appeal which reads:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01
ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Under appellant's assignment of error, three issues are raised for this court's review. The first issue reads:
 "Whether the trial court erred in finding that ORC 2950.01 et seq., as applied to appellant, did not violate the prohibitions against ex post factolaws and/or retroactive laws found in the United States and Ohio Constitutions."
In appellant's first issue it is argued that the provisions of R.C. 2950.01 et seq. violate Section 28, Article II of the Ohio Constitution and Section 10, Article I of the United States Constitution as applied to defendants who were sentenced and convicted prior to the effective date of the statute. As support for this position, appellant relies upon the decision of the Third Appellate District in State v. Cook(Aug. 7, 1997), Allen App. No. 1-97-21, unreported, which found the statute to be unconstitutional on similar grounds.
However, subsequent to the filing of appellant's brief, the Ohio Supreme Court had the opportunity to review the Cook
decision and address the constitutionality of the statute as related to retroactivity and ex post facto challenges. In Statev. Cook(1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 did not violate the Retroactivity Clause of the Ohio Constitution nor did it violate the Ex Post Facto Clause of the United States Constitution. As such, the decision of the Third District Court of Appeals was reversed and the trial court's decision to classify Cook as a sexual predator was reinstated.
This court specifically adopted the Ohio Supreme Court's reasoning in our decisions in State v. Woodburn(Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported, and State v. Goodballet
(Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported. We would refer appellant to these decisions for a recitation of the history and an in-depth analysis of the court's reasoning on these grounds. Based on these holdings, appellant's first issue is without merit.
Appellant's second issue reads:
 "Whether the trial court erred in finding that ORC 2950.01 et seq., as applied to appellant, did not violate the Double Jeopardy provision of the Fifth Amendment of the United States Constitution and. the comparable guarantee of the Ohio Constitution."
Appellant next attacks the sexual predator statute on grounds that it subjects him to multiple punishments for the same offense in violation of the United States and Ohio Constitutions' protections from being twice put in jeopardy for the same offense. The sexual predator statute's classification, registration and notification requirements are viewed by appellant as constituting additional criminal punishments beyond those issued during the original sentencing hearing.
This court has similarly disposed of these issues in its decisions in Woodburn, supra and Goodballet, supra. In this court's prior analysis of Double Jeopardy challenges to the sexual predator statute, it was determined that in fact the statute did not impose additional criminal punishments, rather it was solely remedial in nature. On the authority of this court's prior decisions, appellant's second assignment of error is without merit.
The final issue raised by appellant reads:
 "Whether the trial court's classifying the appellant as a `sexually oriented offender,' violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the comparable guarantee of Article I, Section 2 of the Ohio Constitution."
Under this issue, appellant makes numerous allegations as related to a potential violation of the Equal Protection Clause. However, this court again has disposed of each of the arguments proposed by appellant when we examined the constitutionality of R.C. Chapter 2950 in Woodburn, supra. Therefore, we would incorporate by reference the reasoning cited in our prior decision in finding that appellant's third issue is without merit.
Although appellant does not formally assign it as error, he makes the argument at the end of his brief that his initial guilty plea was invalid. The basis for this argument is that the plea was not knowingly and voluntarily entered as appellant was not fully advised of the additional burdens that may be placed upon him pursuant to the sexual predator statute. This identical argument was raised and addressed in Goodballet, supra. This court determined that R.C. Chapter 2950 did not impose any new affirmative disability or restraint and thus appellant did not experience any alteration in his original range of punishment or sentence. Therefore, appellant is unable to establish that he has suffered any injustice as a result of the sexual predator statute's implications.
Appellant's assignment of error and issues raised thereunder are without merit.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., dissents, see dissenting opinion.
Waite, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE
COX, P.J., dissenting.
I again write the same as in State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98-CO-15, unreported.
What is the purpose of R.C. 2950.09?
The current theory by social scientists and psychologists is that the habitual sexual offender is just that `habitual' and not amenable to treatment. Therefore, the safety of the public at large requires that the individual be labeled and identified. Thus, the public can take steps to protect themselves and their families from this individual.
This current theory, like all current theories, can change as knowledge and medical science expands. At different times the current theory was that leprosy was contagious and incurable — that people with T.B. had to be in institutions and chicken pox and small pox patients were quarantined.
Even the practice of labeling an individual is not new. I Nathaniel Hawthorne, in `The Scarlet Letter', wrote that Hester had to be branded with the letter `A' for her adultery.
That is the purpose of R.C. 2950.09, to brand a person. But before we do that to anyone we should be especially careful, deliberates and mindful of the scars this puts not only on the individual but also on our society.
The Legislature set up a procedure to inflict this brand and they did so carefully so as to protect the individual's rights and to make sure that the statute passed constitutional scrutiny.
The Legislature deliberately placed it in the trial court's jurisdiction. Telling the trial court these people have been charged with being habitual i.e. (not amenable to treatment) sexual predators, notify the individual, let them prepare to defend themselves, let the county prosecutor introduce evidence as to this classification. If the evidence is "clear and convincing' then so brand them.
The Legislature did not say if the evidence is not `clear and convincing' brand them something else.
I completely disagree with the reasoning expressed in State v.Sturgeon(Nov. 13, 1998), Hamilton App. No. C-970751, unreported, and find the reason expressed in State v. Cox(March 31, 1998), Franklin App. No. 97APA08-1006, unreported, more persuasive.
It is for these reasons I respectfully dissent.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE